UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NICHOLAS LLOYD KOEGEL,
ADC #650212                                                                                           PLAINTIFF

V.                                      3:15CV00324 DPM-JTR

SHELA SHARP,
Director, NEACCC, et al.                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.  Introduction

Plaintiff, Nicholas Lloyd Koegel, is a prisoner in the Northeast Arkansas Community Correction Center.  He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. Pursuant to the screening function

mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed with prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff alleges that Defendants violated his constitutional rights when they refused to provide him with free stamps and envelopes, as well as access to a law library.[2] *Doc. 1*. As a consequence, Plaintiff contends that he was unable to participate in foreclosure proceedings that were pending against him in state court. *Id.*

The First Amendment prohibits prison officials from impeding a prisoner's ability to access the courts. *Bounds v. Smith,* 430 U.S. 817 (1977). However, in *Lewis v. Casey*, 518 U.S. 343, 355 (1996), the Court explained that the constitutional right to access the courts extends *only to* proceedings where prisoners "attack their sentences" or "challenge the conditions of their confinement" and that the "impairment

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[2] Plaintiff contends that Defendants' actions constitute a violation of his "property rights" under the Fifth and Fourteenth Amendments. *Doc. 1 at 5*. However, those two Amendments prevent federal and state officials from taking an individual's property without due process of law. Plaintiff does *not* allege that *Defendants* took his property. Instead, he alleges that they impeded his ability to prevent *other individuals* from taking his property in state foreclosure proceedings. Thus, Plaintiff's allegations are more properly characterized as an access to the courts claim under the First Amendment.

of any *other* litigation capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis,* 518 U.S. at 355 (emphasis in the original).

Here, Plaintiff does *not* allege that Defendants impeded his access to the courts to challenge the legality of his criminal conviction or the conditions of his confinement. Thus, he has not pled a viable access to the courts claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal constitutes a STRIKE, as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 4th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE